IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOMATIC SPRINKLER LOCAL 281, U.A. WELFARE FUND; and SPRINKLER FITTERS LOCAL UNION NO. 281,<br><br>Plaintiffs,<br><br>vs.<br><br>A & A SPRINKLER CO. INC., an Illinois Corporation; and BARBARA WERNER, an individual,<br><br>Defendants. | CASE NO.: 16-CV-00377<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the AUTOMATIC SPRINKLER LOCAL 281, U.A. WELFARE FUND ("**Welfare Fund**") and the SPRINKLER FITTERS LOCAL UNION NO. 281 ("**Union**"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants A & A SPRINKLER CO. INC. ("**A&A Sprinkler**") and BARBARA WERNER ("**Werner**") and allege as follows:

### JURISDICTION AND VENUE

1.  This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§186, 1132(e)(1), 1145 and 28 U.S.C. § 1331.

2.  Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that Welfare Fund is administered at 11900 S. Laramie Ave., Alsip, IL. 60803, and pursuant to 28 U.S.C. §

1

1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The **Welfare Fund** was established pursuant to collective bargaining agreements entered into between the **Union** and the National Fire Sprinkler Association ("CBA") and, therefore, is a multiemployer plan under 29 U.S.C. § 1002.

4. The **Welfare Fund** is administered pursuant to the terms and provisions of its Agreement and Declaration of Trust (the "Trust Agreement").

5. Pursuant to the CBA, the **Union** is the authorized collection agent of the Union Protection Fund, the International Training Fund and the Labor Management Cooperation Committee.

6. The **Welfare Fund** is a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(8), and is authorized to bring lawsuits on behalf of its participants and beneficiaries.

7. The **Union** is the bargaining representative of Defendant **A&A Sprinkler**'s bargaining unit employees.

8. Defendant **A&A Sprinkler** is an Illinois corporation with its principal place of business located in East Dundee, Illinois.

9. Defendant **Werner** is the President of Defendant **A&A Sprinkler**.

## COUNT I
## BREACH OF CONTRACT

10. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. **A&A Sprinkler** is an employer engaged in an industry affecting commerce which entered into an Independent Interim Collective Bargaining Agreement whereby it agreed to be bound by the provisions of the CBA for all times relevant to this action. (A copy of the 2014 CBA is attached as Exhibit 1).

12. Defendant **A&A Sprinkler** also agreed to be bound by the terms of the Participation Agreement for Non-Collectively Bargaining and Special Class Employees on or about November 1, 2007, which requires a minimum of 160 hours contributions to the **Welfare Fund** for Robert Werner II and Michael Werner. (A copy of the Participation Agreement for Non-Collectively Bargaining and Special Class Employees is attached as Exhibit 2).

13. Through the agreements referred to in paragraphs 10 and 11, Defendant **A&A Sprinkler** also became bound by the provisions of the **Welfare Fund's** Trust Agreement.

14. Pursuant to provisions of the CBA and the Trust Agreement, Defendant **A&A Sprinkler** is required to make monthly reports of hours worked by covered employees and pay contributions to the **Welfare Fund** at the negotiated rate.

15. Pursuant to the provisions of the CBA, Defendant **A&A Sprinkler** is required to make monthly reports of hours worked by covered employees and pay contributions for the International Training Fund and the Labor Management Cooperation Committee at the negotiated rate to the **Union**.

16. Pursuant to the provisions of the CBA, Defendant **A&A Sprinkler** is required to make monthly reports of hours worked by covered employees and deduct Union dues from its covered employees' wages, which are to be paid to the **Union**.

17. Pursuant to the provisions of the CBA, Defendant **A&A Sprinkler** is required deduct $1.25 from each hour of wages paid to a covered employee from each covered

employee's check and deposit it in an account at the Private Bank on a monthly basis. The Union administers this Vacation Savings Plan and is authorized to bring suit for monies that were not deposited with the Private Bank as required by the CBA.

18. The monthly reports, contributions, Union dues and deductions required be paid as set forth in paragraphs 12-16 above during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

19. Pursuant to Section 502(g)(2) of ERISA, the CBA and/or the Trust Agreement, employers who fail to submit their monthly contribution reports, contributions, Union dues and deductions to the **Welfare Fund** and **Union** on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid and interest at an annual rate of twelve percent (12%) per annum, plus any reasonable attorney's fees and costs of maintaining suit.

20. For the month of July 2015, Defendant **A&A Sprinkler** failed to pay its $49.02 contributions to the **Welfare Fund** and $12.53 in dues to the **Union**.

21. Defendant **A&A Sprinkler** has failed to remit monthly contribution remittance reports to the **Welfare Fund** and **Union** identifying the number of hours worked by its covered employees for the months of August 2015 through present.

22. As a result of Defendant **A&A Sprinkler's** failure to remit monthly contribution remittance reports, Defendant A&A Sprinkler owes contributions, liquidated damages and interest in an unknown amount.

23. Defendant **A&A Sprinkler** has failed to deposit monies deducted from its employees paychecks ("vacation deductions") to the Private Bank during the period of August 2015

through present.

24. Defendant **A&A Sprinkler** has a continuing obligation to pay contributions, Union dues and vacation deductions on behalf of its covered employees and additional amounts may become due.

25. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendant **A&A Sprinkler**.

26. Plaintiffs have complied with all conditions precedent in bringing this suit.

27. Defendant **A&A Sprinkler** is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreement and 29 U.S.C. § 1132(g)(2)(D).

## COUNT II
## BREACH OF FIDUCIARY DUTY – BARBARA WERNER

28. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-27 of this Complaint with the same force and effect as if fully set forth herein.

29. The **Union** and its members have established a Vacation Savings Plan.

30. Pursuant to the CBA and terms of the Vacation Savings Plan, Defendant **A&A Sprinkler** is required to deduct $1.25 for each hour that it pays its covered employees from each covered employee's weekly paycheck ("vacation deductions") and deposit the total amount deducted for each employee into an account at the Private Bank on a monthly basis.

31. The vacation deductions must be deposited with the Private Bank on or before the 15th day of the calendar month following the calendar month during which the work was performed.

32. The vacation deductions are subsequently allocated to each covered employee's Vacation Savings Plan individual account.

33. During the period of August 2015 to present, Defendant **A&A Sprinkler's** covered employees worked in covered employment and earned wages in an unknown amount.

34. During the same period, Defendant **A&A Sprinkler**, through defendant **Werner**, failed to deposit the vacation deductions with the Private Bank as required by the CBA and the Vacation Savings Plan.

35. The vacation deductions represent assets of the Vacation Savings Plan.

36. As the President of Defendant **A&A Sprinkler**, Defendant **Werner** exercises control over Defendant **A&A Sprinkler's** corporate accounts, including all monies vacation deductions withheld from Defendant **A&A Sprinkler's** covered employees during the period of August 2015 to present.

37. Defendant **Werner** is a fiduciary over the plan assets maintained in Defendant **A&A Sprinkler's** corporate accounts.

38. Defendant **Werner** breached her fiduciary duty by failing to remit payment of the vacation deductions during the period of August 2015 to present.

39. As a fiduciary over these vacation deductions, Defendant **Werner** is responsible for the payment of the vacation deductions and also liquidated damages and interest.

40. Defendant **Werner** is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**COUNT III**
**CLAIM PURSUANT TO ILLINOIS WAGE PAYMENT AND COLLECTION ACT –**
**BARBARA WERNER**

41. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-40 of this Complaint with the same force and effect as if fully set forth herein.

42. The **Union** and its members have established a Vacation Savings Plan.

43. Pursuant to the CBA, Defendant **A&A Sprinkler** is required to deduct $1.25 for each hour that it pays its covered employees from each covered employee's weekly paycheck ("vacation deductions") and deposit the total amount deducted for each employee into an account at the Private Bank on a monthly basis.

44. The vacation deductions must be deposited with the Private Bank on or before the 15th day of the calendar month following the calendar month during which the work was performed.

45. The vacation deductions are subsequently allocated to each covered employee's Vacation Savings Plan individual account.

46. During the period of August 2015 to present, Defendant **A&A Sprinkler's** covered employees worked in covered employment and earned wages in an unknown amount.

47. During the same period, Defendant **A&A Sprinkler**, through Defendant **Werner**, failed to ever deposit the vacation deductions with the Private Bank as required to the CBA and the Vacation Savings Plan.

48. Pursuant to Section 8 of the Illinois Wage Payment and Collection Act, "[w]here an employer is legally committed through a collective bargaining agreement, or otherwise to make contributions to an employee benefit, trust or fund on the basis of a certain amount per hour, day, week or other period of time, the amount due from the employer to such

7

employee benefit, trust or fund shall be treated as wages, subject to the wage payment provisions of this Act." 820 I.L.C.S. § 115/8 (2014).

49. Pursuant to Section 13 of the Illinois Wage Payment and Collection Act, "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." 820 I.L.C.S. § 115/8 (2014).

50. Defendant **Werner**, in her capacity as President of Defendant **A&A Sprinkler**, knowingly permitted the employer to fail to pay vacation deductions to the Plaintiffs.

51. Defendant **Werner** is responsible for the payment of the vacation deductions and also liquidated damages and interest.

52. Defendant **Werner** is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. That Judgment be entered in favor of Plaintiffs and against Defendant **A&A Sprinkler** in the aggregate amount of $61.55 for contributions and dues owed for the month of July 2015;

B. That this Court order Defendant **A&A Sprinkler** to remit monthly contribution remittance reports to the **Welfare Fund** and **Union** identifying the number of hours worked by its covered employees for the months of August 2015 through present;

**C.** That this Court enter Judgment in favor of Plaintiffs and against Defendants **A&A Sprinkler** and **Werner**, jointly and severally, for any and all contributions, liquidated

|   |   |
|---|---|
|   | damages, interest, and audit fees revealed by the monthly contribution remittance reports for the period of August 2015 to present; |
| D. | That Judgment be entered in favor of Plaintiffs and against Defendants **A&A Sprinkler** and **Werner**, jointly and severally, for the amount of vacation deductions it was required to submit to the Private Bank pursuant to the Vacation Savings Plan on a monthly basis during the period of August 2015 to present, plus liquidated damages and interest; |
| E. | That Judgment be entered in favor of Plaintiffs and against Defendants **A&A Sprinkler** and **Werner**, jointly and severally, for any other contributions, Union dues, vacation deductions, liquidated damages, interest, auditor's fees or attorney's fees that are found to be due and owing in addition to the amounts referenced in paragraphs A through C; |
| E. | That Defendants **A&A Sprinkler** and **Werner**, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); |
| F. | That this Court enter an Order requiring the Defendants **A&A Sprinkler** and **Werner**, jointly and severally, to comply with all terms of the Principal Agreement, including but not limited to the submission of all ongoing contribution reports, payments and deductions to the Vacation Savings Plan in a timely manner; and |
| G. | That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants **A&A Sprinkler** and **Werner's** cost, pursuant to 29 U.S.C. §1132(g)(2)(E). |

Respectfully submitted,

**BOARD OF TRUSTEES OF THE AUTOMATIC SPRINKLER LOCAL 281, U.A. WELFARE FUND** *et al.*

By: <u>/s/ Nicollette L. Khuans – 6320914</u>
One of Plaintiffs' Attorneys

JOHNSON & KROL, LLC
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60604
(312) 757-5472